## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Giancarlo Guido & Sandra Vasquez, individ. & as H/W<br>1030 Lafayette Ave.<br>Hawthorne, NJ 07506 | : : : : : | |
| Plaintiffs, | : : | NO.: |
| v. | : : | |
| Major World Chevrolet, LLC<br>d/b/a Major Chevrolet, Inc.<br>43-40 Northern Blvd.<br>Long Island City, NY 11101 | : : : : : | |
| And | : : | |
| Major World Motors of Long Island City, LLC<br>d/b/a Major Chevrolet, Inc.<br>44-01 Northern Blvd.<br>Long Island City, NY 11101 | : : : : : : | |
| And | : : | |
| Ricardo Caballero<br>d/b/a Major World Chevrolet, LLC<br>d/b/a Major World Motors of Long Island, LLC<br>d/b/a Major Chevrolet, Inc.<br>43-40 Northern Blvd.<br>Long Island City, NY 11101 | : : : : : : : : | |
| And | : : | |
| Capital One Auto Finance, Inc.<br>1680 Capital One Dr.<br>McClean, VA 22102-3407 | : : : : | **JURY TRIAL DEMANDED** |
| And | : : | |
| John Does 1-10 | : : | |
| Defendants. | : | |

# CIVIL ACTION COMPLAINT

### I.  Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on diversity conferred by 28 U.S.C. §1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II.  Parties

3. Plaintiffs, Giancarlo Guido and Sandra Vasquez, are married and adult individuals residing at the above-captioned address. Plaintiffs are citizens of New Jersey.

4. Defendant, Major World Chevrolet, LLC, and Major World Motors of Long Island City, LLC, collectively, ("Major World"), doing business as Major Chevrolet, Inc., are limited liability companies, duly organized under the laws of the State of New York, doing business at the above-captioned addresses.  Upon information and belief, Defendants are citizens of New York.

5. Defendant, Ricardo Caballero, is an individual doing business at the above captioned address who, at all times material herein, acted individually, as employees of, as owners of, and/or doing business as Defendant, Major World.  Upon information and belief, Defendant is a citizen of New York.

6. Capital One Auto Finance, Inc., is a corporation, duly organized and existing under the laws of the State of Texas, with a headquarters at the above captioned address.  Upon information and belief, Defendant is a citizen of Texas.

7. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable

hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiffs hereunder.

### III.    Operative Facts

8.     On or about April 26, 2011, Plaintiffs purchased a 2008 Nissan Altima from Defendants, Major World.  (Exh. A – Sales Contract).

9.     When Plaintiffs purchased the vehicle, Defendant, Major World Finance Manager, Ricardo Caballero, and his supervisor, Defendant, John Doe, represented that the car was in excellent condition.  Caballero and his supervisor said the vehicle was "running really good" and that it only had one previous owner.

10.    Caballero and his supervisor also gave Plaintiffs a Carfax report which did not show pre-existing damage.

11.    Upon information and belief, Plaintiff originally financed the vehicle purchase with Major World, who then assigned that financing to Defendants, Capital One Auto Finance. Pursuant to the express terms of the RISC, state common law of assignments, and statutory law, Capital One "stepped into the same shoes" as dealer Defendant and became derivatively, jointly, severally, and fully liable for all of the Dealer's misconduct.

12.    Defendant, Capital One has been collecting payments from Plaintiff of approximately $300 since on or about April 26, 2011.

13.    Around January 2014, Plaintiffs traded in the vehicle at a separate dealer in New Jersey and found out that it was worth much less than they expected.  The separate dealer showed

Plaintiffs a Carfax report which revealed that the vehicle was damaged around February 2012 –a few months before Plaintiffs purchased the car.

14. Had Plaintiffs known the vehicle was damaged prior to purchasing the vehicle, they never would have bought the car. Plaintiffs relied on Defendants false assurance that the vehicle was in excellent condition.

15. A cursory inspection by anyone experienced in the automotive trade would have revealed the pre-existing damage. (Exh. B). Defendants are experienced in the automotive industry.

16. Upon information and belief, a pre-sale inspection of the vehicle was never done and/or the after-market modifications were concealed from Plaintiffs.

17. As a result of the aforesaid, Plaintiffs suffered significant financial harm and severe emotional distress.

## COUNT I
### Violations of the Consumer Fraud Act, N.J.S.A., 56:8-68 et seq.

18. Plaintiff incorporates by reference the above paragraphs as if fully set forth at length herein.

19. At all times material, the subject vehicle was owned by Plaintiff and was purchased and used primarily for personal, family and/or household use.

20. The conduct of Defendants, by and through his agents, servants, workmen and employees, constituted "unfair or deceptive practices" within the meaning of the N.J. C.F.A.

21. The CFA authorizes the Court, in its discretion, to award up to three (3) times ("treble") the actual damages sustained for violations, as well as attorney's fees, for which relief Plaintiffs are entitled.

## VI. Prayer for Relief

WHEREFORE, Plaintiffs request judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of $75,000.00, including:

a. Compensatory, statutory, treble, and punitive damages;

b. Reasonable attorneys' fees, costs and interest; and

c. Such other and further relief as this Court may deem proper, including injunctive relief.

                                                      **WEISBERG LAW**

                                                      /s/ Matthew B. Weisberg
                                                      Matthew B. Weisberg, Esquire
                                                      David A. Berlin, Esquire
                                                      Attorneys for Plaintiffs